UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLY R. RANSIER,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 2:12-CV-00538-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Defendant United States of America's Motion to Dismiss for a Lack of Subject Matter Jurisdiction (Dkt. 11). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

On October 26, 2012, Plaintiff Kimberly Ransier ("Ransier") filed her Complaint for Refund and Abatement of Trust Fund Recovery Taxes and for Determination that Kimberly R. Ransier is Not a Responsible Person for Purposes of IRS § 6672 (Dkt. 1).

MEMORANDUM DECISION AND ORDER - 1

Plaintiff alleges the Internal Revenue Service ("IRS") improperly withheld her individual income tax refund in 2011 in the amount of $3,600 and applied it towards assessments for unpaid trust fund taxes owed by Insight Diagnostic Imaging, P. A. ("Insight") and Pinnacle Practice Management Associates, Inc. ("Pinnacle") for the quarters ending December 2008 and March 2009.  Plaintiff does not claim she made any other payments to the IRS for unpaid trust fund tax assessments, but argues the total credited from her tax refund should apply to all assessments to establish jurisdiction.

Plaintiff alleges she worked for both Insight and Pinnacle at different times, but Plaintiff maintains she is not a "responsible person" within the meaning of the Trust Fund Recovery Penalty of § 6672 of the Internal Revenue Code ("I.R.C.").  Plaintiff claims she is entitled to a refund of $3,600 for the amount withheld by the IRS for the trust fund tax assessments and an abatement of all other assessments for trust fund tax penalties for Insight and Pinnacle.

The United States claims a party may only seek a refund if that party can show it already paid the assessment or tax.  The United States concedes in its reply brief that Plaintiff has established jurisdiction for her refund claim regarding the $3,600 for March 2009 against Insight, but seeks dismissal of all other claims as Plaintiff has not met the jurisdictional requirements to proceed with the other claims as she has not made any payments towards those assessments which would allow her to seek a refund.

## STANDARD OF REVIEW

**MEMORANDUM DECISION AND ORDER - 2**

This court is a court of limited jurisdiction.  Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant claims the action must be dismissed based on a lack of subject matter jurisdiction.  In order to establish subject matter jurisdiction against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction"; and (2) "a waiver of sovereign immunity."  *Alvardo v. Table Mountain Racheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).  The burden is on the party bringing the action to establish both elements of subject matter jurisdiction against the United States.  *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  The Court may consider other evidence in addition to the allegations in the Complaint in determining whether jurisdiction exists.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## ANALYSIS

District courts have original jurisdiction over civil actions for the recovery of taxes or penalties alleged to have been erroneously assessed or collected.  28 U.S.C. § 1346(a)(1).  Plaintiff agrees that generally, the district court does not have jurisdiction over refund cases until the taxpayer has paid the full amount of the contested penalty assessment.  *Flora v. United States*, 357 U.S. 63, 68 (1958).  However, there is an exception to this rule for divisible taxes such as withholding for payroll taxes due to the government for corporate employees.  *Steele v. United States,* 280 F.3d 89, 90 (8th Cir. 1960).  In trust fund tax cases, the parties agree that a taxpayer assessed under § 6672

**MEMORANDUM DECISION AND ORDER - 3**

need only pay the divisible amount of the penalty assessment attributable to a single employee's withholding before initiating a refund action. *Boynton v. United States,* 566 F.2d 50, 52 (9th Cir. 1977).

Plaintiff's Complaint does not specify whether the credit applied to the trust fund tax assessment was against both Pinnacle and Insight or just Insight. The United States has provided the Declaration of Colin Sampson, Dkt. 11-2, which sets forth the actual IRS assessments against Plaintiff. Exhibit 2 indicates the $3,600 credit from Plaintiff's individual tax refund was applied to the March 2009 tax period and that trust fund tax assessment is related to taxpayer with an Employee Identification Number ending in 1406 which is Insight's, not Pinnacle's (which ends in 7270).

Here, Plaintiff has established that the credit against the March 2009 assessment penalty of $3,600 is significantly higher than any estimated amount owed by one employee. The next question is does the credit applied to March 2009 apply for both quarters at issue (December 2008 and March 2009) and to both corporations that the Plaintiff worked at?

Plaintiff claims because the IRS applied all of $3,600 credit to the March 2009 assessment for Insight, the Court in fairness should consider that a divisible tax jurisdictional requirement was satisfied as to both corporations and both quarters at issue since $3,600 would be more than the estimated amount of an employee's withholding at both corporations during two quarters. Alternatively, Plaintiff argues the $3,600 credit should also apply to the December 2008 quarter for Insight. The United States argues

**MEMORANDUM DECISION AND ORDER - 4**

jurisdiction has only been established for the March 2009 quarter against Insight as no divisible estimated payment was made by the taxpayer for December 2008 for Insight or for Pinnacle for either quarters at issue.

The Ninth Circuit has not addressed this specific question of whether a taxpayer needs to make a payment for each assessment period. The Court finds persuasive the decision in *Todd v. United States*, 2009 WL 3152863 (S. D. Georgia, Sept. 29, 2009), wherein the Court held a taxpayer need only pay the withholding tax of one employee for one quarter to meet the jurisdictional requirements for all quarters at issue for that employer. *See also, In re Queen* 16 F.3d 411, *3 (4th Cir. 1994)(table); *USLIFE Title Ins. Co. Of Dallas ex rel. Matthews v. Harbison*, 784 F.2d at 1423 n.6 (5th Cir. 1986), *Lighthall v. C.I.R.*, 948 F.2d 1292, *2 (7th Cir. 1991) (table). In *Todd,* the taxpayer paid an estimated trust fund tax for one employee for one quarter for three different corporate employers and this was sufficient to establish subject matter jurisdiction for the taxpayers; claim for refunds and abatement of the total assessments for all quarters against the three corporate employers. This is consistent with the Ninth Circuit's holding in an excises tax case that "the taxpayer may pay the full amount on one transaction, and have the outcome

**MEMORANDUM DECISION AND ORDER - 5**

of this suit determine his liability for all the other, similar transactions." *Korobkin v. United States*, 988 F.2d 975, 976 (9th Cir. 1993).

The United States argues that a taxpayer must make a divisible payment for each assessment citing *Gustin v. IRS*, 876 F.2d 485, 488-89 (5th Cir. 1989). The Court respectfully disagrees as even in *Gustin* the court held the IRS had been put on notice of similar challenges to all periods at issue via the informal claim provided to the IRS. The Complaint in this case certainly alleges the IRS received notice that the taxpayer contested the assessments for all quarters for both companies due the administrative appeals that occurred. The argument also fails as to Insight as it was the IRS, not the taxpayer, that applied the credit (or payment). In all fairness, it is at least arguable that the IRS should have applied the credit to both quarters at issue with Insight since $3,600 is well over the estimated amount of withholding for one employee for one quarter. Furthermore, like the *Todd* case, the assessments are based on similar payroll transactions for both December 2008 and March 2009, so the payment of one quarter is sufficient to challenge the assessments on the other quarters for that same corporation. *USLIFE Title Ins. Co. Of Dallas ex rel. Matthews v. Harbison*, 784 F.2d 1238, 1243 n.6 (5th cir. 1986) (with a divisible payroll tax, "a responsible person need only pay the tax attributable to one employee for one quarter in order to maintain a claim for refund.")

**MEMORANDUM DECISION AND ORDER - 6**

In this case there are two corporate employers. Insight and Pinnacle are two different corporations, so the credit against one employer does not satisfy the duty of the taxpayer to pay another employer's payroll taxes. It is now clear from the record that Plaintiff did not make the requisite divisible tax penalty payment for any assessments related to Pinnacle. It appears from the IRS official records certified by Debbie Okray, Dkt. 11-2, Exhibits 1 and 2, that the assessments for Pinnacle were abated and not reassessed until July 20, 2012 well after the $3,600 credit was applied to the Insight assessment in April of 2011. Unlike the *Todd* case, the taxpayer has not satisfied the divisible tax payment for each corporation. The Court finds the proper course of action is to allow the refund claims related to Insight for December 2008 and March 2009 to proceed, but to dismiss the other claims for refund or abatement without prejudice due to a lack of a divisible tax payment estimated for one employee for one quarter for Pinnacle in December 2008 or March 2009. The lack of a divisible payment by Plaintiff towards the Pinnacle assessments results in this Court having no jurisdiction over Plaintiff's refund and abatement claims related to Pinnacle.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Dkt. 11) is **GRANTED IN PART AND DENIED IN PART**. The Plaintiff may proceed with her refund claim for the December 2008 and March 2009 trust fund tax penalty assessments related to Insight, but all other claims or challenges against other assessments against Plaintiff related to Pinnacle are **DISMISSED WITHOUT PREJUDICE**.

2. A joint litigation plan shall be filed by the parties by September 12, 2013.

DATED: **August 12, 2013**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 8