UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIMBERLY R. RANSIER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 2:12-CV-00538-EJL<br><br>**AMENDED MEMORANDUM DECISION AND ORDER** |

The Court incorrectly stated the day of the week for the trial to begin and issues this Amended Memorandum Decision and Order to correct the trial date.

Pending before the Court in the above-entitled matter is Defendant United States' Motion for Partial Summary Judgment (Dkt. 43). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Plaintiff Kimberly Ransier brought this action for a refund of $3,600 in taxes withheld from an income tax refund and applied to the first trust assessment against her

**MEMORANDUM DECISION AND ORDER - 1**

for Trust Fund taxes of Insight Diagnostic Imaging, P.A. (IDI) for the tax period ending December 31, 2001 of $97,649.60, for the tax period ending March 31, 2009 of $108,878.59 and for the tax period ending June 30, 2009 of $90,979.51. Plaintiff also seeks a determination that she was not a "responsible" or "willful" person at IDI for purposes of 26 U.S.C. § 6672. Plaintiff claims she is not personally liable for the Trust Fund taxes that were collected but not paid by IDI and should be refunded the $3,600 and not subject to any further personal liability for trust fund taxes owed by IDI.

The United States maintains Ms. Ransier was a "responsible person" under the law in her position at IDA and she acted willfully. Accordingly, the United States argues Ms. Ransier is personally liable for the assessments and the application of her refund to the outstanding assessments was appropriate. The United States seeks partial summary judgment on the amount of the assessments and a legal determination that under the undisputed facts of this case, Plaintiff should be deemed a "responsible person" at IDI to ensure the Trust Fund taxes were paid.

## STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural

shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id*. at 248.

The moving party is entitled to summary judgment if that party shows that each issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out

facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## ANALYSIS

In the present case, Plaintiff has no dispute with the calculations for the trust fund tax assessments and concedes that under existing law and the facts of this case she could be deemed a "responsible person" for IDI. However, Ms. Ransier contests that she acted "willfully" as specified in 26 U.S.C. § 6672(a). Based on these concessions, the Court finds the motion for partial summary judgment should be granted. Plaintiff shall be deemed as a matter of law a "responsible person" under 26 U.S.C. § 6672 for IDI for the trust fund taxes for the Fourth Quarter of 2008 and the First and Second Quarters of 2009.

Additionally, the amount of the trust fund taxes and assessments as set forth by the United States are deemed established for the three reporting periods and cannot be contested at trial. The Court will set the matter for a jury trial[1] on the remaining issue of whether or not Plaintiff acted willfully.

## ORDER

IT IS ORDERED:

1. United States' Motion for Partial Summary Judgment (Dkt. 43) is GRANTED.

2. Based on the agreement of counsel, the jury trial in this matter on the limited issue of whether Plaintiff acted "willfully" shall be reset for **Monday, November 17, 2014 at 9:30 a.m** at the Federal Courthouse in Coeur d'Alene, Idaho.

DATED: **October 15, 2014**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] The Court previously set this matter for a bench trial, however, counsel for Defendant has advised the Court's staff attorney the United States has no objection to a jury trial on the question of whether or not Plaintiff acted "willfully." Therefore, the matter will proceed as a jury trial.

**MEMORANDUM DECISION AND ORDER - 5**